**In re Marco Antonio G. RODRIGUEZ, Relator.**

No. 13–02–00183–CR.

Court of Appeals of Texas, Corpus Christi.

May 21, 2002.

Marco A. G. Rodriguez, Love Lady, pro se.

John A. Olson, Asst. County & District Atty., Yolanda De Leon, Dist. Atty., Brownsville, for Real-Party-In-Interest.

Roberto Garza, Brownsville, for Respondent.

Before: Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

HINOJOSA, J.

Relator, Marco Antonio G. Rodriguez, filed a petition for writ of mandamus requesting that this Court compel respondent, the Honorable Robert Garza, presiding judge of the 138th District Court of Cameron County, Texas, (1) to vacate his order denying relator's motion for forensic DNA testing and (2) appoint him counsel in accordance with article 64.01 of the Texas Code of Criminal Procedure. Without hearing oral argument, we conditionally grant relator's petition for writ of mandamus. *See* TEX.R.APP.P. 52.8(c).

1. *Rodriguez v. State,* No. 13-99-00718-CR, 2001 Tex.App. LEXIS 4176 (Corpus Christi

### A. BACKGROUND

Relator was convicted of murder in the 138th District Court of Cameron County, Texas in Cause No. 99-CR-1044-B. This Court affirmed[1] relator's conviction on June 21, 2001, the Texas Court of Criminal Appeals refused his petition for discretionary review on November 26, 2001, and a mandate was issued on February 19, 2002.

On November 27, 2001, relator filed an "Application for Post-Conviction Forensic DNA Testing with Affidavit and Brief in Support/Order/Motions" in the 138th District Court. Relator attached a declaration of inability to pay costs to his motion. Respondent denied the application without a hearing on January 18, 2002.

The real party in interest, the State of Texas, filed a response to relator's petition for writ of mandamus on May 8, 2002. The State does not deny that relator is indigent. The State contends relator has failed to show that this Court has jurisdiction to consider his petition for writ of mandamus and that the trial court abused its discretion by denying his motion for DNA testing, given the cumulative weight of the evidence against him—that he was the only person who shot the victim.

### B. REQUIREMENTS FOR MANDAMUS RELIEF

To be entitled to mandamus relief, the relator must demonstrate (1) that he has no other adequate remedy at law, and (2) that under the relevant facts and law, the act sought to be compelled is purely ministerial. *State ex rel. Hill v. Ct. of App. Fifth Dist.,* 34 S.W.3d 924, 927 (Tex.Crim.App.2001); *Dickens v. Ct. of App. Second Dist.,* 727 S.W.2d 542, 549–50 (Tex.Crim.App.1987). An act is ministerial if it does not involve the exercise of any discretion. *Hill,* 34 S.W.3d at 927; *State*

June 21, 2001, pet. ref'd) (not designated for publication).

*ex rel. Curry v. Gray,* 726 S.W.2d 125, 128 (Tex.Crim.App.1987) (op. on reh'g). Additionally, the relator must have a clear right to the relief sought. *Hill,* 34 S.W.3d at 927; *State ex rel. Rodriguez v. Marquez,* 4 S.W.3d 227, 228 (Tex.Crim.App.1999); *Buntion v. Harmon,* 827 S.W.2d 945, 947 n. 2 (Tex.Crim.App.1992). This means that the relief sought must be " 'clear and indisputable' such that its merits are 'beyond dispute.' " *Hill,* 34 S.W.3d at 927–28 (quoting *State ex rel. Wade v. Mays,* 689 S.W.2d 893, 897 (Tex.Crim.App.1985)). Under the ministerial act/clear legal right requirement, the law must clearly spell out the duty to be performed with such certainty that nothing is left to the exercise of discretion. *Hill,* 34 S.W.3d at 928; *Tex. Dep't of Corrections v. Dalehite,* 623 S.W.2d 420, 424 (Tex.Crim.App.1981). Even a trial court's ruling on a pure question of law is not subject to writ review where the law in question is unsettled or uncertain. *Hill,* 34 S.W.3d at 928 n. 4; *Wade,* 689 S.W.2d at 898–900. The act must be positively commanded and so plainly prescribed under the law as to be free from doubt. *Hill,* 34 S.W.3d at 928; *Buntion,* 827 S.W.2d at 949.

### C. Analysis

The issue before us is whether a convicting court may deny an indigent person's request for appointment of counsel to assist him in presenting a motion for DNA testing to the court.

Chapter 64 of the code of criminal procedure, which was enacted in 2001, created a procedure for convicted persons to obtain DNA testing of evidence containing biological material. Tex.Code Crim.Proc. Ann. arts. 64.01–64.05 (Vernon Supp.2002). Article 64.01(c) provides:

(c) A convicted person is entitled to counsel during a proceeding under this chapter. If a convicted person informs the convicting court that the person wishes to submit a motion under this chapter and if the court determines that the person is indigent, the court shall appoint counsel for the person. Compensation of counsel is provided in the same manner as is required by:

(1) Article 11.071 for the representation of a petitioner convicted of a capital felony; and

(2) Chapter 26 for the representation in a habeas corpus hearing of an indigent defendant convicted of a felony other than a capital felony.

Tex.Code Crim.Proc.Ann. art. 64.01(c) (Vernon Supp.2002).

■■ Under article 64.01(c), a convicted person is entitled to counsel in a proceeding for DNA testing. Conspicuously absent from article 64.01(c) is any requirement of a *prima facie* case of entitlement to DNA testing before the right to counsel attaches. *See id.* Under the statute, the only requirements for appointment of counsel are a request for counsel and indigence. *Id.; Gray v. State,* 69 S.W.3d 835, 837 (Tex.App.—Waco 2002, no pet. h.). Once a convicted person meets those requirements, appointment of counsel is mandatory. *See Gray,* 69 S.W.3d at 837. Therefore, we hold respondent had a ministerial duty to appoint counsel for relator.

Accordingly, we conditionally grant relator's petition for writ of mandamus and direct respondent (1) to vacate his January 18, 2002 order denying relator's motion for post-conviction DNA testing, (2) appoint counsel to represent relator in the chapter 64 proceeding, and (3) reconsider relator's motion for post-conviction DNA testing after counsel has been appointed. We are confident that the respondent will comply

promptly. The writ will issue only if that confidence proves misplaced.