**Tommy Wayne CLARK, aka Wayne Clark, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–01–480 CR.**

Court of Appeals of Texas, Beaumont.

Submitted June 13, 2002.

Decided July 24, 2002.

Discretionary Review Refused Oct. 23, 2002.

Clinard J. Hanby, Woodlands, for appellant.

Michael A. McDougal, Dist. Atty., Dan P. Bradley, Asst. Dist. Atty., Conroe, for state.

Before WALKER, C.J., BURGESS, and GAULTNEY, JJ.

**OPINION**

DON BURGESS, Justice.

On June 4, 2001, Tommy Wayne Clark filed a motion for DNA testing pursuant to

Chapter 64 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. arts. 64.01–.05 (Vernon Supp.2002). On July 31, 2001, Clark filed a motion for appointment of counsel and declaration of indigency. The trial court denied Clark's motion for DNA testing on October 8, 2001. Clark executed a notice of appeal from that order on October 19, 2001; it was filed on October 23. The trial court signed an order appointing counsel on October 22, 2001. Appointed counsel filed a motion for new trial which was overruled by operation of law. *See* TEX.R.APP. P. 21.8.

Clark appeals from the trial court's order denying his motion for DNA testing. He first argues the trial court erred in failing to appoint counsel during the proceeding.

Chapter 64 of the Texas Code of Criminal Procedure created a procedure for convicted persons to obtain DNA testing of evidence containing biological material. *See* TEX.CODE CRIM. PROC. ANN. arts. 64.01–.05 (Vernon Supp.2002). Clark was convicted in the 284th District Court of Montgomery County, Texas, in Cause No. 87–07–00530–CR. The State of Texas agrees Clark is indigent and that appointment of counsel is mandatory. The State argues that because Clark had already filed a pro se motion for DNA testing, the need for an attorney was moot.

The Code of Criminal Procedure provides, in pertinent part:

> (c) A convicted person is entitled to counsel during a proceeding under this chapter. If a convicted person informs the convicting court that the person wishes to submit a motion under this chapter and if the court determines that the person is indigent, the court shall appoint counsel for the person....

TEX.CODE CRIM. PROC. ANN. art. 64.01(c) (Vernon Supp.2002).

Article 64.01(c) states that a convicted person is entitled to counsel in a proceeding for DNA testing. The only requirements for appointment of counsel are: 1) a request for counsel and 2) indigence. Once a convicted person meets those requirements, appointment of counsel is mandatory. The fact that Clark indicated his wish to submit a motion by filing such a motion, rather than by letter or some other means, does not alter the clear requirements of the statute.

Clark was denied counsel at the stage clearly mandated by Chapter 64. The trial court's belated appointment of counsel did not remedy that error. The error affects a substantial right and therefore is reversible. *See* TEX.R.APP. P. 44.2. In order to place Clark in the same position he would have been in had the trial court's appointment of counsel been timely, we reverse the order of the trial court denying Clark's motion for DNA testing and remand the cause for proceedings consistent with this opinion.

REVERSED AND REMANDED.