NO. 07-02-0331-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 15, 2002



______________________________




IN THE MATTER OF JULIO POSADAS, A CHILD




_________________________________



FROM THE JUVENILE COURT OF HOCKLEY COUNTY;



NO. 916; HONORABLE LARRY SPROWLS, JUDGE



_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

ON ABATEMENT AND REMAND


 Upon his plea of true, Julio Posadas, the juvenile respondent in the above matter,
on June 25, 2002, was adjudged as having engaged in delinquent conduct within the
meaning of section 51.03 of the Texas Family Code. As a result of the adjudication
hearing conducted on the same date, he was placed on probation under the supervision
of the Hockley County Probation Department under the terms and conditions set out in his
adjudication order.

 The respondent gave timely notice of his desire to appeal the portion of his
adjudication order that required him to attend the Hockley County Juvenile Boot Camp for
a period of 30 days and permission to appeal that provision was given by the trial court on
July 18, 2002. We received the clerk's record of these proceedings on August 27, 2002,
but since that time nothing further has been done to prosecute the appeal. On October
21, 2002, we notified the attorney representing the juvenile respondent that if a satisfactory
reply concerning the status of the appeal was not received by November 1, 2002, the
appeal would be abated to the trial court. We have received no such reply.

 We must, therefore, abate this appeal and remand the matter to the Juvenile Court
of Hockley County. Upon remand, the judge of that court shall immediately cause notice
to be given of and conduct a hearing to determine:

 1. Whether the juvenile and his attorney have abandoned his appeal.


 2. If the appeal has not been abandoned, the trial court shall determine if
the juvenile is indigent and if so, whether the appointment of an attorney is
necessary;


 3. If it is determined that an attorney should be appointed, the name,
address and State Bar of Texas identification number of the attorney
appointed;


 4. If the juvenile is not indigent, whether he has failed to make the
necessary arrangements for prosecuting the appeal, and if he has not done
so, what orders are necessary to ensure those arrangements are made;


 5. If other orders are necessary to ensure the diligent and proper pursuit of
the appeal.


 In support of its determination, the trial court shall prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental
reporter's record. Those supplemental records shall be submitted to the clerk of this court
no later than December 16, 2002.

 It is so ordered.

 Per Curiam

Do not publish.


 



1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2002). 


t to the trial court's attention, we cannot
conclude that he has awaited disposition of his motion for an unreasonable period of time
nor that the trial court has refused to act. Relator's request for mandamus relief regarding
his motion for release on bond is denied. 

Request for Appointment of Counsel Pursuant to 


Chapter 64 of the Texas Code of Criminal Procedure



 Article 64.01(c) provides that a convicted person is entitled to counsel if he wishes
to submit a motion for DNA testing. The statute further provides:

 [t]he convicting court shall appoint counsel for the convicted person if the
person informs the court that the person wishes to submit a motion under
this chapter, the court finds reasonable grounds for a motion to be filed, and
the court determines that the person is indigent.


(Emphasis added). The language of the statute is mandatory. Neveu v. Culver, 105
S.W.3d 641, 642 (Tex.Cr.App. 2003). Once the convicting court determines relator is
indigent, the appointment of counsel is a purely ministerial act. Id. 

 Relator is entitled to mandamus relief if he establishes (1) the act sought to be
compelled is purely ministerial and (2) he has no other adequate legal remedy. State ex
rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex.Cr.App. 2003). The ministerial act
requirement is satisfied if relator establishes a "clear right to the relief sought" with nothing
left to the exercise of discretion or judgment. Id. Article 64.01(c) does not require relator
to make a prima facie showing that he is entitled to DNA testing before his right to counsel
attaches. In re Rodriguez, 77 S.W.3d 459, 461 (Tex.App.-Corpus Christi 2002, orig.
proceeding). 

 Recently, the Court conditionally granted mandamus relief in Winters v. The
Presiding Judge of the Criminal District Court Number Three of Tarrant County, No.
74,691, 2003 Tex. Cr. App. LEXIS 675 (Tex.Cr.App. Oct. 22, 2003) (designated for
publication). In Winters, the convicting court acknowledged that appointment of counsel
pursuant to article 64.01(c) is mandatory, but declined to appoint counsel noting that to do
so would be "useless." The Court conditionally granted a writ of mandamus noting that
appointment of counsel under chapter 64 is mandatory if the convicted person proves he
is indigent and informs the court he wishes to file a motion under chapter 64. Id. at *5. 

 Included with the petition for writ of mandamus, relator has provided this Court with
copies of his request for speedy disposition of his request for appointment of counsel
pursuant to chapter 64 accompanied by a blank order appointing counsel and a
declaration of inability to pay costs. The documents are file-stamped July 9, 2002. 
However, before relator may be entitled to mandamus relief, he must provide a sufficient
record to show that the motion was presented to the trial court and that the trial court
refused to act. In re Villarreal, 96 S.W.3d at 710 n.2 (filing something with the district clerk
does not demonstrate that a motion has been brought to the trial court's attention). We
conclude relator has not satisfied the burden to show his entitlement to mandamus relief. 
See Walker, 827 S.W.2d at 837.

 Accordingly, relator's petition for writ of mandamus is dismissed in part for want of
jurisdiction and denied in part. 

 Don H. Reavis

 Justice