Bobby Gene FRY, Appellant,

v.

The STATE of Texas, State.

No. 2–02–207–CR.

Court of Appeals of Texas, Fort Worth.

June 5, 2003.

Robert Ford, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Steven W. Conder, Asst. Criminal District Attys., Fort Worth, for State.

## OPINION

DIXON W. HOLMAN, Justice.

Appellant appeals the denial of his request for counsel for the purpose of obtaining an order for post-conviction forensic DNA testing pursuant to chapter 64.01 of the code of criminal procedure. Because we hold the order that Appellant seeks to appeal is an interlocutory, unappealable order, we dismiss the appeal for want of jurisdiction.

### BACKGROUND

On July 25, 2001, Appellant filed an affidavit of indigency and a pro se request for appointment of counsel to assist him in obtaining an order for forensic DNA testing under chapter 64 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 64.01(c) (Vernon Supp. 2003). This statute provides:

(c) A convicted person is entitled to counsel during a proceeding under this chapter. If a convicted person informs the convicting court that the person wishes to submit a motion under this chapter and if the court determines that the person is indigent, *the court shall appoint counsel* for the person.

*Id.* (emphasis added). On October 2, 2001, Appellant, pro se, sent a letter to the trial court desiring to know the status of his request for counsel.

On February 5, 2002, the State filed a reply, supported by affidavits of two property custodians, stating that any evidence relating to Appellant's case had been previously destroyed. In its response, the State urged the trial court to "summarily den[y]" Appellant's request for counsel because "to provide him with counsel to file a motion would constitute a useless act by this Court."

On March 18, 2002, eight months after Appellant filed his motion for appointment of counsel, the trial court signed an order which states, in full, "The Court finds that there exists no evidence containing biological material available in this case to be tested. Accordingly, the Court denies the defendant's request for counsel to file a motion for forensic DNA testing." At Appellant's request the court appointed him counsel on appeal.

### JURISDICTION TO APPEAL THE TRIAL COURT'S ORDER

■ The right to appeal in a criminal case is a substantive right solely within the province of the Legislature. *Lyon v. State,* 872 S.W.2d 732, 734 (Tex.Crim. App.), *cert. denied,* 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994). "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979). Generally, a criminal defendant may only appeal from a final judgment. *See State v. Sellers,* 790 S.W.2d 316, 321 n. 4 (Tex.Crim.App.1990);

*Hilburn v. State,* 946 S.W.2d 885, 886 (Tex. App.-Fort Worth 1997, no pet.). "The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." *See Apolinar v. State,* 820 S.W.2d 792, 794 (Tex.Crim.App.1991).

■ The pertinent appeal statute in Appellant's case is article 64.05 which provides:

> An appeal of a finding under Article 64.03 [denial of DNA testing] or 64.04 [trial court's finding after DNA is tested] is to a court of appeals, except that if the convicted person was convicted in a capital case, the appeal of the finding is a direct appeal to the court of criminal appeals.

TEX.CODE CRIM. PROC. ANN. art. 64.05. Appellant's request for appointment of counsel was made under article 64.01. Appellant has not filed, and therefore the trial court has not ruled upon, a request for forensic DNA testing.

The Texas Court of Criminal Appeals has recently discussed the legislative history regarding the appealability of certain determinations made by the trial court under chapter 64. In *Kutzner v. State,* the court explained that the initial proposed version of chapter 64 did not provide for any appellate review of the convicting court's determinations under chapter 64. 75 S.W.3d 427, 433–34 (Tex.Crim.App. 2002). As further analyzed by the court in *Kutzner,*

> Early in the legislative process, the Senate Jurisprudence Committee added an amendment that authorized an appeal of only the convicting court's "findings under proposed Article 64.04."
>
> The House Criminal Jurisprudence Committee later amended the Senate

Jurisprudence Committee's version of Article 64.05 to authorize an "appeal of a finding under Article 64.03 or 64.04." The House Criminal Jurisprudence Committee bill analysis explained that this amendment "provides for an appeal of a convicting court's *determination to order testing*" under Article 64.03, and the House Research Organization bill analysis also explained that this amendment authorized "[a]ppeals of orders for tests [under Article 64.03] or of findings about test results [under Article 64.04]." Both houses of the Legislature ... enacted this version of Article 64.05.

*Id.* at 434 (emphasis added and internal footnotes omitted). It is evident from this analysis that when the Legislature enacted chapter 64, it carefully considered the appealability of certain trial court determinations made under chapter 64 and crafted the current statute which specifically provides for an appeal from a determination to order testing under article 64.03 and from a finding under article 64.04 regarding the results of testing. Article 64.05 is silent concerning any right of appeal from a trial court's denial of request for counsel under article 64.01.

We agree with our sister court of appeals that a trial court's denial of counsel under article 64.01 is not appealable under article 64.05. *See McIntosh v. State,* 110 S.W.3d 51, 52 (Tex.App.-Waco 2002, no pet.); *see also In re Bretz,* No. 08–03–068–CR, 2003 WL 1889945, at *1 (Tex.App.-El Paso April 17, 2003, orig. proceeding) (not designated for publication) (holding that because there is no right to appeal from denial of counsel under chapter 64, relator did not have adequate remedy by appeal and mandamus was appropriate procedural vehicle to challenge denial of counsel).[1]

---

1. *Cf. Cravin v. State,* 95 S.W.3d 506, 508 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd)

(holding trial court's denial of motion for forensic DNA testing constituted implied de-

Accordingly, we hold the trial court's order denying Appellant's request for appointment of counsel under article 64.01 is not an appealable order.[2]

## CONCLUSION

We dismiss the appeal for want of jurisdiction.[3]

TERRIE LIVINGSTON, J. filed a dissenting opinion in which WALKER, J. joins.

DAUPHINOT, J. filed a dissenting opinion joining LIVINGSTON, J.'s dissenting opinion.

TERRIE LIVINGSTON, Justice, dissenting.

I respectfully dissent to the majority opinion. The majority decided that we have no jurisdiction over this appeal and must dismiss. It has concluded that the trial court's order denying Appellant the appointment of counsel and finding that no evidence of biological material is available

is an interlocutory and therefore non-appealable order. I respectfully believe that article 64.05 and the court of criminal appeals' directives found in its *Kutzner* opinion dictate a different conclusion. TEX. CODE CRIM. PROC. ANN. art. 64.05 (Vernon Supp.2003); *Kutzner v. State*, 75 S.W.3d 427 (Tex.Crim.App.2002).

In *Kutzner*, the court determined that it had jurisdiction over a capital appellant's request for DNA testing and held that a convicting court's "findings," for purposes of appeals under article 64.05, extend to *any determinations* under 64.03. *Kutzner*, 75 S.W.3d at 434. It also concluded that the limitation of appellate review to mere "findings" would be inconsistent with the legislative purpose of providing convicted persons "full access to the courts" and to "provid[ing] a check on individual courts' [sic] decisions." *Id.* at 434–35. The court further directed that there should be no distinction in such person's rights to appeal based solely upon the convicting court's label of "findings" or

termination that the evidence did not exist under article 64.03–.04 and was appealable under article 64.05); *Thompson v. State*, 95 S.W.3d 469, 471 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd) (holding trial court's denial of motion for forensic DNA testing under article 64.03, without evidentiary hearing, was an appealable order under article 64.05); *Clark v. State*, 84 S.W.3d 313, 314 (Tex.App.-Beaumont 2002, pet. ref'd) (in addressing trial court's denial of motion for forensic DNA testing under article 64.03, court of appeals also ruled upon appellant's complaint that trial court denied his request for appointment of counsel).

2. We observe that a trial court has a mandatory duty to appoint counsel under article 64.01(c) once the convicted person establishes his indigence and requests counsel be appointed to assist in filing a motion for forensic DNA testing. *See In re Rodriguez*, 77 S.W.3d 459, 461 (Tex.App.-Corpus Christi 2002, orig. proceeding); *Gray v. State*, 69 S.W.3d 835, 837 (Tex.App.-Waco 2002, no pet.); *see also*

*Bretz*, 2003 WL 1889945, at *1. As analyzed by the court in *Rodriguez*, the statute makes no provision for summary denial of the request for counsel; conspicuously absent from article 64.01(c) is any requirement of a prima facie case of entitlement to DNA testing before the right to counsel attaches. 77 S.W.3d at 461. Under the statute, the only requirements for appointment of counsel are a request for counsel and indigence. *Id.* Once a convicted person meets those requirements, appointment of counsel is mandatory. *Id.*

3. Appellant is not without a remedy in this case. *See Rodriguez*, 77 S.W.3d at 461 (holding trial court had ministerial duty to appoint counsel to indigent defendant under article 64.01, and conditionally granting writ of mandamus). *See also In re Cash*, 99 S.W.3d 286, 288 (Tex.App.-Texarkana 2003, orig. proceeding) (ordering trial court to rule on convicted person's request for appointment of counsel under article 64.01, determine whether convicted person is indigent, and if indigent to immediately appoint counsel).

"conclusions of law" because that could result in different treatment of similarly situated people. *Id.* at 435. Since *any determination* by the convicting court under chapter 64 is reviewable by appeal, it follows that a trial court's failure to appoint counsel when the appellant has met the sole two requirements for counsel is error subject to direct appeal. Some of the other intermediate courts have held similarly.

In *Clark v. State,* the Beaumont Court of Appeals held that there are only two requirements to appointment of counsel: 1) a request and 2) indigence. 84 S.W.3d 313, 314 (Tex.App.-Beaumont 2002, pet. ref'd). Once a convicted person meets these two requirements, the appointment of counsel is mandatory. *Id.* The Beaumont court noted that the appellant had been denied counsel at the "stage clearly mandated" by chapter 64. *Id.* The court held that the failure to make such an appointment, even when appellant had filed a pro se motion, failed to comply with the statute and that such failure affected appellant's substantial rights requiring reversal on direct appeal. *Id.; see* TEX. R.APP. P. 44.2(b).

Similarly, the Houston First District Court of Appeals held that a convicting court's denial of an evidentiary hearing on appellant's motion for DNA testing could be reviewed on appeal even absent express findings or determinations on the merits. *Thompson v. State,* 95 S.W.3d 469, 471 (Tex.App.-Houston [1st Dist.] 2002, no pet.). Citing to *Kutzner,* the court noted that the court of criminal appeals had "explicitly 'rejected' a 'narrow and hypertechnical construction of Article 64.05.'" *Id.* While the court ultimately determined that there is no statutory hearing requirement at the initial 64.03 stage, it clearly held that it had jurisdiction on direct appeal to review the trial court's findings, "express or implied." *Id.*

Despite this, the majority, following the *Rodriguez* opinion and rationale, will require an indigent convicted person who has no counsel, and quite likely no access to a record, to file a mandamus proceeding seeking to compel the trial court to comply with its ministerial duty to appoint counsel. *See In re Rodriguez,* 77 S.W.3d 459, 461 (Tex.App.-Corpus Christi 2002, orig. proceeding); *Cravin v. State,* 95 S.W.3d 506, 508 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd) (holding appellate review was proper regarding trial court's denial of DNA testing after State responded the evidence did not exist proper). I believe that requiring such indigent convicted person to pursue mandamus when the statute clearly contemplates direct appeal of all chapter 64 determinations turns the statute on its head and denies direct appeals to those without counsel while allowing those who had counsel, appointed or otherwise, to appeal the court's determinations. Surely, a convicting court's denial of appointed counsel *after the convicted person has met the two requirements* is tantamount to the denial of the motion itself, regardless of the merits.

Additionally, it is important to note that in this case the convicting court's order states, "[t]he Court finds that there exists no evidence containing biological material available in this case to be tested. Accordingly, the Court denies the defendant's request for counsel to file a motion for forensic DNA testing." This "finding" of "no evidence" is clearly a "determination" under chapter 64, mandating direct review under article 64.05.

For these reasons, I believe this court has jurisdiction and should submit the case and reverse and remand for appointment of counsel.

LEE ANN DAUPHINOT and WALKER, JJ., join.

LEE ANN DAUPHINOT, Justice, dissenting.

I join Justice Livingston's dissent. I write only to emphasize that contrary to the majority's assertion that "the trial court has not ruled upon [ ] a request for forensic DNA testing," the trial court's order provided:

> The Court finds that there exists no evidence containing biological material available in this case to be tested. Accordingly, the Court denies the defendant's request for counsel to file a motion for forensic DNA testing.

The trial court could not have entered a "no-evidence" finding without reaching the merits of the case, and the trial court used this substantive finding to retroactively justify violating Appellant's right to counsel. This finding is clearly a final determination; thus, we have jurisdiction to review this case under chapter 64.