COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO.
2-02-207-CR
 
BOBBY GENE FRY                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                        
STATE
------------
FROM THE 371ST DISTRICT COURT OF
TARRANT COUNTY
------------
OPINION
------------
Appellant appeals the denial of his request for counsel for the purpose of
obtaining an order for post-conviction forensic DNA testing pursuant to chapter
64.01 of the code of criminal procedure. Because we hold the order that
Appellant seeks to appeal is an interlocutory, unappealable order, we dismiss
the appeal for want of jurisdiction.
Background
On July 25, 2001, Appellant filed an affidavit of indigency and a pro se
request for appointment of counsel to assist him in obtaining an order for
forensic DNA testing under chapter 64 of the Texas Code of Criminal Procedure. See
Tex. Code Crim. Proc. Ann. art. 64.01(c) (Vernon Supp. 2003). This statute
provides:

 (c) A convicted person is entitled to counsel during a proceeding under
 this chapter. If a convicted person informs the convicting court that the
 person wishes to submit a motion under this chapter and if the court
 determines that the person is indigent, the court shall appoint counsel
 for the person.

Id. (emphasis added). On October 2, 2001, Appellant, pro se, sent a
letter to the trial court desiring to know the status of his request for
counsel.
On February 5, 2002, the State filed a reply, supported by affidavits of two
property custodians, stating that any evidence relating to Appellant's case had
been previously destroyed. In its response, the State urged the trial court to
"summarily den[y]" Appellant's request for counsel because "to
provide him with counsel to file a motion would constitute a useless act by this
Court."
On March 18, 2002, eight months after Appellant filed his motion for
appointment of counsel, the trial court signed an order which states, in full,
"The Court finds that there exists no evidence containing biological
material available in this case to be tested. Accordingly, the Court denies the
defendant's request for counsel to file a motion for forensic DNA testing."
At Appellant's request the court appointed him counsel on appeal.
Jurisdiction To Appeal The Trial Court's Order
The right to appeal in a criminal case is a substantive right solely within
the province of the Legislature. Lyon v. State, 872 S.W.2d 732, 734
(Tex. Crim. App.), cert. denied, 512 U.S. 1209 (1994). "A
defendant in any criminal action has the right of appeal under the rules
hereinafter prescribed." Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon
1979). Generally, a criminal defendant may only appeal from a final judgment. See
State v. Sellers, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990); Hilburn
v. State, 946 S.W.2d 885, 886 (Tex. App.--Fort Worth 1997, no pet.).
"The courts of appeals do not have jurisdiction to review interlocutory
orders unless that jurisdiction has been expressly granted by law." See
Apolinar v. State, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).
The pertinent appeal statute in Appellant's case is article 64.05 which
provides:

 An appeal of a finding under Article 64.03 [denial of DNA testing] or 64.04
 [trial court's finding after DNA is tested] is to a court of appeals, except
 that if the convicted person was convicted in a capital case, the appeal of
 the finding is a direct appeal to the court of criminal appeals.

Tex. Code Crim. Proc. Ann. art. 64.05. Appellant's request for appointment of
counsel was made under article 64.01. Appellant has not filed, and therefore the
trial court has not ruled upon, a request for forensic DNA testing.
The Texas Court of Criminal Appeals has recently discussed the legislative
history regarding the appealability of certain determinations made by the trial
court under chapter 64. In Kutzner v. State, the court explained that
the initial proposed version of chapter 64 did not provide for any appellate
review of the convicting court's determinations under chapter 64. 75 S.W.2d 427,
433-34 (Tex. Crim. App. 2002). As further analyzed by the court in Kutzner,
Early in the legislative process, the Senate Jurisprudence Committee added an
amendment that authorized an appeal of only the convicting court's
"findings under proposed Article 64.04."

 The House Criminal Jurisprudence Committee later amended the Senate
 Jurisprudence Committee's version of Article 64.05 to authorize an
 "appeal of a finding under Article 64.03 or 64.04." The House
 Criminal Jurisprudence Committee bill analysis explained that this amendment
 "provides for an appeal of a convicting court's determination to
 order testing" under Article 64.03, and the House Research
 Organization bill analysis also explained that this amendment authorized
 "[a]ppeals of orders for tests [under Article 64.03] or of findings about
 test results [under Article 64.04]." Both houses of the Legislature . . .
 enacted this version of Article 64.05.

Id. at 434 (emphasis added and internal footnotes omitted). It is
evident from this analysis that when the Legislature enacted chapter 64, it
carefully considered the appealability of certain trial court determinations
made under chapter 64 and crafted the current statute which specifically
provides for an appeal from a determination to order testing under article 64.03
and from a finding under article 64.04 regarding the results of testing. Article
64.05 is silent concerning any right of appeal from a trial court's denial of
request for counsel under article 64.01.
We agree with our sister court of appeals that a trial court's denial of
counsel under article 64.01 is not appealable under article 64.05. See
McIntosh v. State, No. 10-01-409-CR, slip op. at 3, 2002 WL 31779905, at *1
(Tex. App.--Waco Dec. 11, 2002, no pet.); see also In re Bretz, No.
08-03-068-CR, 2003 WL 1889945, at *1 (Tex. App.--El Paso April 17, 2003, orig.
proceeding) (not designated for publication) (holding that because there is no
right to appeal from denial of counsel under chapter 64, relator did not have
adequate remedy by appeal and mandamus was appropriate procedural vehicle to
challenge denial of counsel).(1) Accordingly, we
hold the trial court's order denying Appellant's request for appointment of
counsel under article 64.01 is not an appealable order.(2)
Conclusion
We dismiss the appeal for want of jurisdiction.(3)
 
                                                       
   DIXON W. HOLMAN
                                                       
   JUSTICE
 
EN BANC
LIVINGSTON, J. filed a dissenting opinion in which WALKER, J. joins.
DAUPHINOT, J. filed a dissenting opinion joining LIVINGSTON, J.'s dissenting
opinion.
PUBLISH
DELIVERED: June 5, 2003

COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO.
2-02-207-CR
BOBBY GENE FRY                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                       
STATE
------------
FROM THE 371ST DISTRICT COURT OF
TARRANT COUNTY
------------
DISSENTING
OPINION
------------
I respectfully dissent to the majority opinion. The majority decided that we
have no jurisdiction over this appeal and must dismiss. It has concluded that
the trial court's order denying Appellant the appointment of counsel and finding
that no evidence of biological material is available is an interlocutory and
therefore non-appealable order. I respectfully believe that article 64.05 and
the court of criminal appeals' directives found in its Kutzner opinion
dictate a different conclusion. Tex. Code Crim. Proc. Ann. art. 64.05 (Vernon
Supp. 2003); Kutzner v. State, 75 S.W.3d 427 (Tex. Crim. App. 2002).
In Kutzner, the court determined that it had jurisdiction over a
capital appellant's request for DNA testing and held that a convicting court's
"findings," for purposes of appeals under article 64.05, extend to any
determinations under 64.03. Kutzner, 75 S.W.3d at 434. It also
concluded that the limitation of appellate review to mere "findings"
would be inconsistent with the legislative purpose of providing convicted
persons "full access to the courts" and to "provid[ing] a check
on individual courts' [sic] decisions." Id. at 434-35. The court
further directed that there should be no distinction in such person's rights to
appeal based solely upon the convicting court's label of "findings" or
"conclusions of law" because that could result in different treatment
of similarly situated people. Id. at 435. Since any determination
by the convicting court under chapter 64 is reviewable by appeal, it follows
that a trial court's failure to appoint counsel when the appellant has met the
sole two requirements for counsel is error subject to direct appeal. Some of the
other intermediate courts have held similarly.
In Clark v. State, the Beaumont Court of Appeals held that there are
only two requirements to appointment of counsel: 1) a request and 2) indigence.
84 S.W.3d 313, 314 (Tex. App.--Beaumont 2002, pet. ref'd). Once a convicted
person meets these two requirements, the appointment of counsel is mandatory. Id.
The Beaumont court noted that the appellant had been denied counsel at the
"stage clearly mandated" by chapter 64. Id. The court held
that the failure to make such an appointment, even when appellant had filed a
pro se motion, failed to comply with the statute and that such failure affected
appellant's substantial rights requiring reversal on direct appeal. Id.;
see Tex. R. App. P. 44.2(b).
Similarly, the Houston First District Court of Appeals held that a convicting
court's denial of an evidentiary hearing on appellant's motion for DNA testing
could be reviewed on appeal even absent express findings or determinations on
the merits. Thompson v. State, 95 S.W.3d 469, 471 (Tex. App.--Houston
[1st Dist.] 2002, no pet.). Citing to Kutzner, the court
noted that the court of criminal appeals had "explicitly 'rejected' a
'narrow and hypertechnical construction of Article 64.05.'" Id.
While the court ultimately determined that there is no statutory hearing
requirement at the initial 64.03 stage, it clearly held that it had jurisdiction
on direct appeal to review the trial court's findings, "express or
implied." Id.
Despite this, the majority, following the Rodriguez opinion and
rationale, will require an indigent convicted person who has no counsel, and
quite likely no access to a record, to file a mandamus proceeding seeking to
compel the trial court to comply with its ministerial duty to appoint counsel. See
In re Rodriguez, 77 S.W.3d 459, 461 (Tex. App.--Corpus Christi 2002, orig.
proceeding); Cravin v. State, 95 S.W.3d 506, 508 (Tex. App.--Houston [1st
Dist.] 2002, pet. ref'd) (holding appellate review was proper regarding trial
court's denial of DNA testing after State responded the evidence did not exist
proper). I believe that requiring such indigent convicted person to pursue
mandamus when the statute clearly contemplates direct appeal of all chapter 64
determinations turns the statute on its head and denies direct appeals to those
without counsel while allowing those who had counsel, appointed or otherwise, to
appeal the court's determinations. Surely, a convicting court's denial of
appointed counsel after the convicted person has met the two requirements is
tantamount to the denial of the motion itself, regardless of the merits.
Additionally, it is important to note that in this case the convicting
court's order states, "[t]he Court finds that there exists no evidence
containing biological material available in this case to be tested. Accordingly,
the Court denies the defendant's request for counsel to file a motion for
forensic DNA testing." This "finding" of "no evidence"
is clearly a "determination" under chapter 64, mandating direct review
under article 64.05.
For these reasons, I believe this court has jurisdiction and should submit
the case and reverse and remand for appointment of counsel.
 
                                                       
   TERRIE LIVINGSTON
                                                       
   JUSTICE
 
DAUPHINOT and WALKER, JJ. join.
PUBLISH
DELIVERED: June 5, 2003

COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO.
2-02-207-CR
 
BOBBY GENE FRY                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                       
STATE
------------
FROM THE 371ST DISTRICT COURT OF
TARRANT COUNTY
------------
DISSENTING
OPINION
------------
I join Justice Livingston's dissent. I write only to emphasize that contrary
to the majority's assertion that "the trial court has not ruled upon [ ] a
request for forensic DNA testing," the trial court's order provided:

 The Court finds that there exists no evidence containing biological
 material available in this case to be tested. Accordingly, the Court denies
 the defendant's request for counsel to file a motion for forensic DNA testing.

 
The trial court could not have entered a "no-evidence" finding
without reaching the merits of the case, and the trial court used this
substantive finding to retroactively justify violating Appellant's right to
counsel. This finding is clearly a final determination; thus, we have
jurisdiction to review this case under chapter 64.
 
                                                       
   LEE ANN DAUPHINOT
                                                       
   JUSTICE
 
PUBLISH
DELIVERED: June 5, 2003

1. Cf. Cravin v. State, 95 S.W.3d 506,
508 (Tex. App.--Houston [1st Dist.] 2002, pet. ref'd) (holding trial
court's denial of motion for forensic DNA testing constituted implied
determination that the evidence did not exist under article 64.03-.04 and was
appealable under article 64.05); Thompson v. State, 95 S.W.3d 469, 471
(Tex. App.--Houston [1st Dist.] 2002, pet. filed) (holding trial
court's denial of motion for forensic DNA testing under article 64.03, without
evidentiary hearing, was an appealable order under article 64.05); Clark v.
State, 84 S.W.3d 313, 314 (Tex. App.--Beaumont 2002, pet. ref'd) (in
addressing trial court's denial of motion for forensic DNA testing under article
64.03, court of appeals also ruled upon appellant's complaint that trial court
denied his request for appointment of counsel).
2. We observe that a trial court has a mandatory duty to
appoint counsel under article 64.01(c) once the convicted person establishes his
indigence and requests counsel be appointed to assist in filing a motion for
forensic DNA testing. See In re Rodriguez, 77 S.W.3d 459, 461 (Tex.
App.--Corpus Christi 2002, orig. proceeding); Gray v. State, 69 S.W.3d
835, 837 (Tex. App.--Waco 2002, no pet.); see also Bretz, 2003 WL
1889945, at *1. As analyzed by the court in Rodriguez, the statute
makes no provision for summary denial of the request for counsel; conspicuously
absent from article 64.01(c) is any requirement of a prima facie case of
entitlement to DNA testing before the right to counsel attaches. 77
S.W.3d at 461. Under the statute, the only requirements for appointment of
counsel are a request for counsel and indigence. Id. Once a convicted
person meets those requirements, appointment of counsel is mandatory. Id.
3. Appellant is not without a remedy in this case. See
Rodriguez, 77 S.W.3d at 461 (holding trial court had ministerial duty to
appoint counsel to indigent defendant under article 64.01, and conditionally
granting writ of mandamus). See also In re Cash, 99 S.W.3d 286, 288
(Tex. App.--Texarkana 2003, orig. proceeding) (ordering trial court to rule on
convicted person's request for appointment of counsel under article 64.01,
determine whether convicted person is indigent, and if indigent to immediately
appoint counsel).