NO. 07-03-0288-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



DECEMBER 1, 2003


______________________________



WILLIAM McGUIRE, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;



NO. 2876A; HON. RON ENNS, PRESIDING


_______________________________



Opinion Dismissing Appeal


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Appellant William McGuire appeals from the trial court's failure to appoint counsel
for him prior to ruling on his motion for forensic DNA testing. We dismiss the appeal for
want of jurisdiction.

 Appellant was convicted of aggravated sexual assault of a child. On April 30, 2003,
appellant filed a post-conviction motion for forensic DNA testing pursuant to Chapter 64
of the Code of Criminal Procedure. At the same time, he filed a declaration of indigence
and a request that the trial court appoint counsel to represent him. The State filed a
response to the motion on May 20, 2003, in which it asserted, among other things, that the
file contained no reference to any existing item or items that contained biological material. 
The State requested the court to conduct an in-camera inspection of the file. On June 2,
2003, the court entered an order denying appellant's motion. In doing so, the court stated
it had conducted an in-camera inspection of the file and that no evidence existed which
might contain biological material or make the identity of appellant an issue in the case. 
The record does not reveal that the court ever conducted an inquiry into appellant's alleged
indigence or appointed counsel to represent him. 

 A convicted person is entitled to counsel during a proceeding under Chapter 64 of
the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 64.01(c) (Vernon Supp.
2004). If the person informs the court that he wishes to submit a motion, and if the court
determines he is indigent, the court shall appoint counsel for the person. Id. The language
of the statute is mandatory. Winters v. Presiding Judge of the Crim. Dist. Court No. Three,
No. 74,691, slip op., 2003 Tex. Crim. App. lexis 675 at 2 (Tex. Crim. App. October 22,
2003); Neveu v. Culver, 105 S.W.3d 641, 642 (Tex. Crim. App. 2003). It matters not that
appellant notified the court of his desire for appointed counsel at the same time he filed a
motion for forensic testing. Clark v. State, 84 S.W.3d 313, 314 (Tex. App.--Beaumont
2002, pet. ref'd); see Rodriguez v. State, 77 S.W.3d 459, 460-61 (Tex. App.--Corpus
Christi 2002, no pet.) (holding relator was entitled to appointed counsel when he filed an
application for post-conviction forensic DNA testing along with a declaration of inability to
pay costs); see also Winters v. Presiding Judge of the Crim. Dist. Court No. Three, 2003
Tex. Crim. App. lexis 675 at 4 (holding that a defendant does not even have to ask for
appointment of counsel if he informs the court he wants to file a motion for testing and the
court finds him indigent). 

 Nevertheless, the statute provides for an appeal only of a finding under article 64.03
or 64.04 of the Code of Criminal Procedure (relating to an order for forensic testing and
whether the results are favorable to the convicted person). Tex. Code Crim. Proc. Ann.
art. 64.05 (Vernon Supp. 2003). There is no provision for a direct appeal of the trial court's
failure to appoint counsel. Winters v. Presiding Judge of the Crim. Dist. Court No. Three,
2003 Tex. Crim. App. 675 at 6; Neveu v. Culver, 105 S.W.3d at 642-43; Fry v. State, 112
S.W.3d 611, 613 (Tex. App.--Fort Worth 2003, pet. ref'd). Thus, there is no appealable
order before this court, and we have no jurisdiction to consider the appeal. (1) See Fry v.
State, 112 S.W.3d at 613; McIntosh v. State, 110 S.W.3d 51, 52-53 (Tex. App.--Waco
2002, no pet.). 

 Accordingly, the appeal is dismissed.


 Per Curiam


Do not publish.
1. Appellant has a remedy by way of petition for writ of mandamus. See Neveu v. Culver, 105 S.W.3d
641 (Tex. Crim. App. 2003). 



 any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 109
S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991). Moreover, in a deferred adjudication proceeding, appeal as to issues relating to the
original deferred adjudication proceeding must be appealed when the deferred adjudication
is first imposed. See Daniels v. State, 30 S.W.3d 407, 408 (Tex.Crim.App. 2000). 
Appellant did not do so. Thus, his notice of appeal was not timely to invoke appellate
jurisdiction to review the original proceedings. Id. An untimely notice of appeal will not
invoke the jurisdiction of the court of appeals. See White v. State, 61 S.W.3d 424, 428
(Tex.Crim.App. 2001). If an appeal is not timely perfected, a court of appeals does not
have jurisdiction to address the merits of the appeal, and can take no action other than to
dismiss the appeal. See id. Because appellant did not invoke our jurisdiction to consider
matters relating to his original deferred adjudication proceeding, we must dismiss the
appeal as to any such possible issues. See White, 61 S.W.3d at 428; Vidaurri, 49 S.W.3d
at 884-85. As to those matters unrelated to his original deferred adjudication proceeding,
the record does not support any arguably meritorious error which was harmful to appellant.

 The appeal is dismissed for lack of jurisdiction as to any issues relating to appellant's
original deferred adjudication proceeding. Appellant's counsel has moved for leave to
withdraw. See Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.-Waco 1994, writ ref'd). 
We carried the motion for consideration with the merits of the appeal. Having found no
reversible error, appellant's counsel's motion to withdraw is granted and the trial court's
judgment is affirmed as to any issues unrelated to the original deferred adjudication
proceeding. 

 Mackey K. Hancock

 Justice

Do not publish. 
1. Trial Cause No. 15,208-B's indictment actually includes two counts of Indecency
with a Child, both of which appellant pled guilty, and to which the trial court later
adjudicated appellant. However, the trial court treated that case as a single offense for
sentencing purposes.