NO. 07-04-0095-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 25, 2004

_____

MICHAEL GLEN SCOTT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. W-30,473-01-B; HONORABLE SAMUEL KISER, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

In November 2003, appellant Michael Glen Scott filed a notice of appeal challenging his 1996 conviction and various motions seeking DNA testing under article 64.01 of the Texas Code of Criminal Procedure. By opinion dated January 27, 2004, this Court dismissed the purported appeal for want of jurisdiction and rendered his motions moot. In

our opinion, we explained that an out-of-time appeal may be granted by the Texas Court of Criminal Appeals pursuant to article 11.07 of the Texas Code of Criminal Procedure. We further noted that a request for DNA testing must be presented to the convicting court, *i.e.*, the 181st District Court of Potter County.

Attempting to follow a portion of this Court's instructions, appellant filed a notice for an out-of-time appeal requesting permission for DNA testing together with a motion for DNA testing with the District Clerk of Potter County on March 9, 2004. Despite both documents being directed to the attention of the 181st District Court, the district clerk erroneously forwarded them to this Court.

A trial court's finding under article 64.03 or 64.04 of the Texas Code of Criminal Procedure is appealable to a court of appeals except that in a capital case the appeal is to the court of criminal appeals. Tex. Code Crim. Proc. Ann. art. 64.05 (Vernon Pamph. Supp. 2004). However, where the trial court has not ruled on a request for DNA testing and no appealable finding has been made, an appellate court has no jurisdiction to entertain a motion for DNA testing. Fry v. State, 112 S.W.3d 611, 613 (Tex.App.–Fort Worth 2003, pet. ref'd).

We conclude that by mailing his "Notice of Out of Time Appeal" and "Chapter 64.01 Motion for Forensic D.N.A. Testing" for filing with the District Clerk of Potter County, appellant was attempting to proceed in accordance with our opinion of January 27, 2004. Thus, we direct the Clerk of this Court to forward appellant's documents to the Potter

2

County District Clerk for filing and further action in accordance with applicable rules and principles of law.[1]

Accordingly, this proceeding is dismissed for want of jurisdiction.

Don H. Reavis
Justice

---

[1]The Clerk of this Court shall make copies of Scott's documents to be retained in the appellate record of this cause.