COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-476-CR
  
  
JANET 
KAY AHMAD                                                              APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Appellant 
Janet Kay Ahmad seeks to appeal the denial of her motion to set aside the 
indictment on limitations grounds.  We dismiss the appeal for want of 
jurisdiction.
        Appellant 
filed a motion in the trial court seeking to set aside the indictment, 
contending that prosecution of the conduct alleged is barred by the statute of 
limitations.  The trial court denied the motion, and Appellant filed a 
notice of appeal.
        The 
right to appeal in a criminal case is a substantive right solely within the 
province of the Legislature.  Lyon v. State, 872 S.W.2d 732, 734 
(Tex. Crim. App.), cert. denied, 512 U.S. 1209 (1994); Fry v. State, 
112 S.W.3d 611, 612 (Tex. App.—Fort Worth 2003, pet. ref’d) (en banc).  
"A defendant in any criminal action has the right of appeal under the rules 
hereinafter prescribed." Tex. Code Crim. Proc. Ann. art. 44.02 
(Vernon 1979).  Generally, a criminal defendant may only appeal from a 
final judgment.  See State v. Sellers, 790 S.W.2d 316, 321 n.4 (Tex. 
Crim. App. 1990); Fry, 112 S.W.3d at 612-13; Hilburn v. State, 946 
S.W.2d 885, 886 (Tex. App.—Fort Worth 1997, no pet.).  "The courts 
of appeals do not have jurisdiction to review interlocutory orders unless that 
jurisdiction has been expressly granted by law."  Apolinar v. State, 
820 S.W.2d 792, 794 (Tex. Crim. App. 1991); see Bridle v. State, 
16 S.W.3d 906, 907-08 (Tex. App.—Fort Worth 2000, no pet.).
        We 
notified Appellant of our concern that we do not have jurisdiction to review the 
interlocutory order in this case absent a final judgment of conviction.  
Appellant responded that interlocutory appellate relief is available to a 
defendant seeking to set aside an indictment on limitations grounds where the 
face of the pleading indicates the charged offense is barred by 
limitations.  In support of her contention, Appellant cites Ex parte 
Tamez, 38 S.W.3d 159, 160-61 (Tex. Crim. App. 2001) and Ex parte Smith, 
135 S.W.3d 884, 890 (Tex. App.—Fort Worth 2004, pet. granted on other grounds) 
(both holding pretrial writ of habeas corpus is proper procedural vehicle to 
raise contention that prosecution is barred by limitations, and denial is 
appealable).
        We 
conclude that neither Tamez nor Smith is applicable to the 
jurisdiction issue before us because both of those cases were appeals from trial 
court orders that denied habeas corpus relief.  Such appeals are expressly 
permitted.  See Tex. R. App. 
P. 31; Ex parte Hargett, 819 S.W.2d 866, 868-69 (Tex. Crim. App. 
1991) (holding appellate court has jurisdiction over appeal from denial of 
pretrial habeas corpus relief following trial court’s consideration of merits 
of writ application).  Appellant in the case at bar did not file a pretrial 
application for writ of habeas corpus; she filed a pretrial motion to set aside 
the indictment.
        We 
conclude that the order Appellant is appealing is not a final judgment and is 
not a permissible interlocutory appeal.  Accordingly, we dismiss this 
appeal for want of jurisdiction.
    
   
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
  
   
PANEL 
D:   HOLMAN, GARDNER, and WALKER, JJ.
 
PUBLISH
 
DELIVERED: 
November 24, 2004