# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-06-00183-CR

---

**In re A. D. Bowman**

---

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
### NO. 13,395-B, HONORABLE CURT F. STEIB, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

A. D. Bowman appeals the district court's order "dismissing [his] motion for forensic DNA testing."  We will affirm the order.

Bowman was convicted of aggravated sexual assault and sentenced to forty years' imprisonment in 1983.  In October 2003, Bowman filed a pro se request for appointment of counsel stating that he wished to file a motion for DNA testing.  *See* Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2005).  In December 2003, in order to determine if there were "reasonable grounds for a motion to be filed" and thus to appoint counsel, the district court asked the district attorney to investigate and report whether any biological evidence existed on which DNA testing would be possible.  *See id.*  On February 27, 2004, Bowman filed a pro se motion for DNA testing. *See id.* art. 64.01(a), (b).

On February 13, 2006, the office administrator for the district attorney advised the court in writing that neither the district attorney nor the police department had possession of any

evidence collected during the investigation of this offense. Two days later, the district court signed the order now on appeal. In its order, the court found that semen evidence was used at Bowman's trial in 1983, but that no evidence is presently available for DNA testing. Although the order purports to dismiss Bowman's pro se motion for DNA testing, the effect of the order is to deny the motion on a finding that no biological evidence suitable for DNA testing still exists. *See id*. art. 64.03(a)(1)(A)(I).

In his pro se brief, Bowman urges that the trial court erred by failing to appoint him counsel before ruling on his testing motion, citing *Clark v. State*, 84 S.W.3d 313, 314 (Tex. App.—Beaumont 2002, pet. ref'd). *Clark* is not on point because it was decided before the 2003 amendment of article 64.01. Under 64.01 as originally enacted, the appointment of counsel was mandatory if the convicted person was indigent. *Neveu v. Culver*, 105 S.W.3d 641, 642 (Tex. Crim. App. 2003). But as amended before Bowman requested counsel, article 64.01(c) requires the appointment of counsel only if the trial court finds reasonable grounds for a testing motion to be filed. Bowman's request for counsel did not contain any recitals of fact that would support a finding of reasonable grounds. And in light of the undisputed finding that no evidence suitable for DNA testing presently exists, the trial court did not reversibly err by failing to appoint counsel before ruling on Bowman's pro se testing motion.

Although he does not present this contention as a separate point of error, we also understand Bowman to assert that the State's failure to preserve the biological evidence denied him due course of law. *See Pena v. State*, 166 S.W.3d 274, 281 (Tex. App.—Waco 2005), *vacated*, 191 S.W.3d 133, 138 (Tex. Crim. App. 2006). In *Pena*, a prosecution for possession of marihuana, the

alleged contraband was destroyed before the defendant's trial and without giving the defense an opportunity to conduct its own testing. *Id*. at 276-77. There is a clear distinction between the destruction of evidence before the defendant's trial and the failure to preserve evidence twenty years after trial. The statute requiring the preservation of biological material was not adopted until 2001, the same year chapter 64 was enacted. *See* Tex. Code Crim. Proc. Ann. art. 38.43 (West Supp. 2005). Under the circumstances shown by this record, we conclude that the State did not deny Bowman due course of law by failing to preserve the biological evidence gathered in 1983.

The district court's order is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: October 6, 2006

Do Not Publish