**DISMISS and Opinion Filed August 6, 2024**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-24-00710-CV

**WIKD, LLC, Appellant**
**V.**
**MAXIMILIANO GOMEZ AND ZACHARY TYLER HILBOURN, Appellees**

**On Appeal from the County Court at Law No. 1**
**Collin County, Texas**
**Trial Court Cause No. 001-00910-2024**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Pedersen, III
Opinion by Chief Justice Burns

The trial court granted appellees' separate motions to dismiss brought pursuant to the Texas Citizen's Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003. The trial court awarded appellees their attorney fees pursuant to section 27.009(a)(1) in an amount to be determined at a separate hearing. *See id.* § 27.009(a)(1) (trial court shall award successful movant reasonable attorney's fees). Because the orders grant the motions to dismiss but leave pending the issue of attorney's fees, we questioned our jurisdiction and directed the parties to file letter briefs addressing the jurisdictional issue.

Generally, this Court has jurisdiction over final judgments that dispose of all parties and claims and certain interlocutory orders as permitted by statute. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1)–(17) (listing appealable interlocutory orders including an interlocutory order *denying* a TCPA motion to dismiss). Because the amount of attorney's fees awarded to defendants remains to be determined, the orders are neither final judgments nor subject to interlocutory appeal. *See Garcia v. Semler*, No. 05-20-00761-CV, 2021 WL 1381156, at *1 (Tex. App.—Dallas Apr. 13, 2021, no pet.) (mem. op.) (dismissing appeal of interlocutory order granting TCPA motion to dismiss but leaving amount of attorney's fees to be determined).

In its letter brief, appellant fails to address this Court's authority that is directly on point. *See id*. Instead, appellant asserts the appealed orders are final because the determination of the amount of attorney's fees is a ministerial act because the TCPA requires that fees be awarded to a successful movant. A ministerial act is one that does not involve judicial discretion. *See In re Rodriguez*, 77 S.W.3d 459, 461 (Tex. App.—Corpus Christi 2002, orig. proceeding). A determination of the amount of reasonable attorney's fees under the TCPA involves judicial discretion. *See Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016). Because the determination of the amount of attorney's fees awarded to a successful movant under the TCPA requires judicial discretion, it is not a ministerial act. *See id*.

Alternatively, appellant asks that we abate the appeal to allow the trial court to determine the amount of attorneys' fees to which appellees are entitled. We decline to do so.

Because the orders granting appellees' TCPA motion to dismiss are unappealable interlocutory orders, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

240710F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WIKD, LLC, Appellant

No. 05-24-00710-CV     V.

MAXIMILIANO GOMEZ AND
ZACHARY TYLER HILBOURN,
Appellees

On Appeal from the County Court at
Law No. 1, Collin County, Texas
Trial Court Cause No. 001-00910-
2024.
Opinion delivered by Chief Justice
Burns. Justices Molberg and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellees MAXIMILIANO GOMEZ AND ZACHARY TYLER HILBOURN recover their costs of this appeal from appellant WIKD, LLC.

Judgment entered August 6, 2024

–4–