NO. 07-03-0489-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C


 

NOVEMBER 25, 2003



______________________________




IN RE JOE LEE TOUCHSTONE, RELATOR



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION


 By this original proceeding, relator Joe Lee Touchstone, an inmate proceeding pro
se and informa pauperis, seeks a writ of mandamus to compel the Judge of the 100th
District Court of Carson County to rule on various motions. By his prayer, however, he
requests this Court render a judgment of acquittal or alternatively, grant a new trial. For
the reasons expressed herein, relator's petition for a writ of mandamus is dismissed in part
for want of jurisdiction and denied in part.

Request to Rule on Motion for New Trial


 By opinion dated October 14, 1991, this Court affirmed relator's conviction for
aggravated sexual assault in cause number 07-91-0054-CR. No petition for discretionary
review was filed and mandate was issued on December 12, 1991. By this proceeding,
relator asserts his motion for new trial filed on March 14, 1991, has yet to be ruled on. We
conclude we have no jurisdiction over relator's request regarding his motion for new trial
as our plenary power over our judgment has expired and mandate has issued. Tex. R.
App. P. 19.1; see generally In re Trevino, 79 S.W.3d 794, 795 (Tex.App.-Corpus Christi
2002, no pet.) (per curiam) (concluding it no longer had jurisdiction over relator's request
where his conviction had previously been affirmed, his petition for discretionary review had
been denied, and mandate had issued).

Motion for Release on Bond


 Relator must satisfy three requirements to establish his entitlement to the issuance
of a writ of mandamus, to-wit: (1) a legal duty to perform; (2) a demand for performance;
and (3) a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). When a
motion is properly filed and pending before a trial court, the act of considering and ruling
upon the motion is a ministerial act. Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158
(Tex. 1992). However, the trial court has a reasonable time within which to perform that
ministerial duty. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.-San
Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is
dependent on the circumstances of each case. Barnes v. State, 832 S.W.2d 424, 426,
(Tex.App.-Houston [1st Dist.] 1992, orig. proceeding). Other factors are influential such
as the trial court's actual knowledge of the motion, its overt refusal to act, the state of its
docket, and other judicial and administrative duties which must be addressed. In re
Villarreal, 96 S.W.3d 708, 711 (Tex.App.-Amarillo 2003, orig. proceeding). Further, the
party requesting relief must provide a sufficient record to establish his entitlement to
mandamus relief. Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992); see also In re
Bates, 65 S.W.3d 133, 135 (Tex.App.-Amarillo 2001, orig. proceeding). 

 Relator has provided a copy of his motion for release on bond file-stamped by the
Carson County District Clerk on October 8, 2003. His petition for writ of mandamus was
filed in this Court on November 19, 2003. We acknowledge that a trial court has a duty
to consider and resolve motions within a reasonable time. However, because only seven
weeks have lapsed since relator filed his motion and he has not provided a sufficient
record to show that the motion has been brought to the trial court's attention, we cannot
conclude that he has awaited disposition of his motion for an unreasonable period of time
nor that the trial court has refused to act. Relator's request for mandamus relief regarding
his motion for release on bond is denied. 

Request for Appointment of Counsel Pursuant to 


Chapter 64 of the Texas Code of Criminal Procedure



 Article 64.01(c) provides that a convicted person is entitled to counsel if he wishes
to submit a motion for DNA testing. The statute further provides:

 [t]he convicting court shall appoint counsel for the convicted person if the
person informs the court that the person wishes to submit a motion under
this chapter, the court finds reasonable grounds for a motion to be filed, and
the court determines that the person is indigent.


(Emphasis added). The language of the statute is mandatory. Neveu v. Culver, 105
S.W.3d 641, 642 (Tex.Cr.App. 2003). Once the convicting court determines relator is
indigent, the appointment of counsel is a purely ministerial act. Id. 

 Relator is entitled to mandamus relief if he establishes (1) the act sought to be
compelled is purely ministerial and (2) he has no other adequate legal remedy. State ex
rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex.Cr.App. 2003). The ministerial act
requirement is satisfied if relator establishes a "clear right to the relief sought" with nothing
left to the exercise of discretion or judgment. Id. Article 64.01(c) does not require relator
to make a prima facie showing that he is entitled to DNA testing before his right to counsel
attaches. In re Rodriguez, 77 S.W.3d 459, 461 (Tex.App.-Corpus Christi 2002, orig.
proceeding). 

 Recently, the Court conditionally granted mandamus relief in Winters v. The
Presiding Judge of the Criminal District Court Number Three of Tarrant County, No.
74,691, 2003 Tex. Cr. App. LEXIS 675 (Tex.Cr.App. Oct. 22, 2003) (designated for
publication). In Winters, the convicting court acknowledged that appointment of counsel
pursuant to article 64.01(c) is mandatory, but declined to appoint counsel noting that to do
so would be "useless." The Court conditionally granted a writ of mandamus noting that
appointment of counsel under chapter 64 is mandatory if the convicted person proves he
is indigent and informs the court he wishes to file a motion under chapter 64. Id. at *5. 

 Included with the petition for writ of mandamus, relator has provided this Court with
copies of his request for speedy disposition of his request for appointment of counsel
pursuant to chapter 64 accompanied by a blank order appointing counsel and a
declaration of inability to pay costs. The documents are file-stamped July 9, 2002. 
However, before relator may be entitled to mandamus relief, he must provide a sufficient
record to show that the motion was presented to the trial court and that the trial court
refused to act. In re Villarreal, 96 S.W.3d at 710 n.2 (filing something with the district clerk
does not demonstrate that a motion has been brought to the trial court's attention). We
conclude relator has not satisfied the burden to show his entitlement to mandamus relief. 
See Walker, 827 S.W.2d at 837.

 Accordingly, relator's petition for writ of mandamus is dismissed in part for want of
jurisdiction and denied in part. 

 Don H. Reavis

 Justice


 



 of the writ of mandamus against the named
respondents would be necessary to enforce our jurisdiction. 
          As Felder’s Motion for Leave to File Application for Writ of Mandamus and Petition
for Writ of Mandamus does not identify any basis upon which this court would have
authority to issue a writ of mandamus, we deny the petition.
 
                                                                Mackey K. Hancock

                                                                        Justice