NUMBER 13-05-270-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

___________________________________________________________________

 

      IN RE RODOLFO DELGADO

__________________________________________________________________

 

                      On Petition for Writ of
Mandamus ___________________________________________________________________

 

                     MEMORANDUM OPINION

 

          Before Chief Justice Valdez and Justices Hinojosa and Garza

                            Per Curiam Memorandum Opinion[1]

 

Relator, Rodolfo Delgado, filed a petition for writ
of mandamus and a motion for emergency stay in the above cause
on April 14, 2005.  In his petition,
relator asks this Court to direct the trial court to vacate an order referring
a motion to recuse to the presiding judge of the administrative region.  We deny the petition for writ of mandamus. 

                                                                  I.  Background








Relator, Rodolfo Delgado, Judge of the 93rd District
Court of Hidalgo County, Texas, was charged with two felony offenses, which are
both pending in The State of Texas v. Rodolfo Delgado, Cause No.
CR-0615-05-C in the 139th District Court of Hidalgo County, Judge J. R. ABobby@ Flores presiding. 
Following the State=s filing of a second motion to recuse Judge Flores,[2]
relator filed this petition for writ of mandamus.

In this proceeding, relator contends that Judge
Flores abused his discretion in referring the State=s second motion to recuse to Judge Darrell A.
Hester, the presiding administrative judge of the Fifth Judicial District,
because the State, by filing multiple motions to recuse with procedural
defects, waived its right to complain of Judge Flores= refusal to recuse himself.  He also contends that the second motion to
recuse was not timely filed and the State has also failed to Astate with particularity the grounds why the judge
before whom the case is pending should not sit.@  Relator requests that this Court order Judge
Flores to vacate his order referring the State=s
second motion to recuse to the administrative judge.

                                   II.  Standard of Review 








Mandamus relief may be granted if the relator shows
the following: (1) that the act sought to be compelled is purely ministerial
and (2) that there is no adequate remedy at law.  De Leon v. Aguilar, 127 S.W.3d 1, 5
(Tex. Crim. App. 2004); Winters v. Presiding Judge of the Crim. Dist. Court
No. Three, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003); State ex rel.
Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003).  An act is ministerial if it does not involve
the exercise of any discretion.  Winters,
118 S.W.3d at 775.  Additionally, the
relator must have a "clear right to the relief sought," meaning that
the merits of the relief sought are "beyond dispute."  In re Rodriguez, 77 S.W.3d 459, 461
(Tex. App.BCorpus Christi 2002, orig. proceeding).  The requirement of a clear legal right
necessitates that the law plainly describes the duty to be performed such that
there is no room for the exercise of discretion.  See id.  

In terms of an adequate remedy at law, as a general
rule, courts should not grant mandamus relief to the complaining party on a
recusal motion because the party has an adequate remedy at law by way of an
appeal from the final judgment.  De
Leon, 127 S.W.3d at 6.  Generally,
with regard to motions to recuse, a judgment rendered in such circumstances,
even if erroneous, does not void or nullify the presiding judge's subsequent
acts and may be reversed on appeal, as these decisions are not regarded to be
fundamental error.   See In re Union
Pac. Resources Co., 969 S.W.2d 427, 428-29 (Tex. 1997) (orig.
proceeding).   Furthermore, rule of civil
procedure 18a expressly provides parties with the opportunity for appellate
review from a final judgment after denial of a recusal motion.  See Tex.
R. Civ. P. 18a(f) (AIf the motion is denied, it may be reviewed for
abuse of discretion on appeal from the final judgment.@).   If the
appellate court determines that the judge presiding over the recusal hearing
abused his discretion in denying the motion and the trial judge should have
been recused, the appellate court can cure any harm by reversing and remanding
for a new trial before a different judge. 
Union Pac. Resources Co., 
969 S.W.2d at 428.  AThis procedure is no different than the correction
of any trial court error through the normal appellate process.@  Id.   It
is therefore unlikely that decisions regarding recusal motions can be
appropriately addressed by a petition for writ of mandamus without an
additional showing that the relator lacks an adequate remedy by appeal.  See De Leon, 127 S.W.3d at 5
(reaffirming the general rule that courts should not grant mandamus relief to
the complaining party on a Rule 18a recusal motion because the party has an
adequate remedy at law by way of an appeal from the final judgment.) 

                                                              III.  Applicable Law  








The procedures for recusal of judges set out in Rule
18a of the Texas Rules of Civil Procedure apply in criminal cases. See Tex. R. Civ. P. 18a; De Leon,
127 S.W.3d at 5.  When a recusal motion
is timely filed, Rule 18a leaves a trial judge with no discretion; that is, the
trial judge must either recuse himself or refer the motion for another judge to
decide.  See Tex. R. Civ. P. 18a(c); De Leon,
127 S.W.3d at 5.  

In De Leon, the court of criminal appeals
expressly overruled prior law stating that a criminal trial judge may make an
initial determination as to whether the recusal motion conforms with Rule
18a(a).  See De Leon, 127 S.W.3d
at 5; see, e.g., McLenan v. State, 661 S.W.2d 108, 110 (Tex. Crim. App.
1983) (in order for Rule 18a to come into play, motion must be prima facie
adequate and allege proper grounds upon which a recusal is sought).  Rule 18a does not contemplate that a trial
judge whose impartiality is questioned can nevertheless determine whether the
allegations of bias against him state sufficient grounds for recusal.  De Leon, 127 S.W.3d at 5.   Accordingly, even if a motion to recuse is
procedurally defective, the challenged judge must either grant the motion or
refer the motion, so another judge can determine the procedural adequacy and
merits of the motion to recuse.  Mosley
v. State, 141 S.W.3d 816, 831 (Tex. App.BTexarkana
2004, pet. ref=d).

Thus, a timely filed recusal motion triggers the
trial judge's duty to recuse or to refer; however, the trial judge has no such
duty when a recusal motion is not timely filed. 
See id.; Arnold v. State, 853 S.W.2d 543, 544‑545
(Tex. Crim. App. 1993).  Under rule 18a,
a motion to recuse must be filed at least ten days before the date set for
trial or other hearing, and the failure to comply with this ten‑day
notice provision waives the appellate complaint of the denial of an opportunity
to have their motions heard by a judge other than the one assigned to the case.
De Leon, 127 S.W.3d at 5.

                                                                    IV.  Analysis








Based on the foregoing, the State=s second motion to recuse was timely filed insofar
as it was filed at a time when there were no hearings scheduled.  Id. 
Therefore, under De Leon, Judge Flores had no discretion to
do anything other than recuse himself or refer the matter of recusal to the
administrative judge.  Id.  This would be the case whether or not the
motion to recuse was procedurally defective. 
See id.  Thus, relator has
failed to show that Judge Flores had a ministerial duty to deny the motion to
recuse.  Moreover, based on the present
record, it appears that relator will have an adequate remedy at law by way of
an appeal from the final judgment, as expressly provided in rule 18a(f).  See Tex.
R. Civ. P. 18a(f);  De Leon,
127 S.W.3d at 6.

                                                                  V.  Conclusion

The Court, having examined and fully considered the
petition for writ of mandamus, is of the opinion that relator has not shown
himself entitled to the relief sought. 
Accordingly, the stay of the trial court proceedings is hereby ordered
LIFTED.  The petition for writ of
mandamus is DENIED.  See Tex. R. App. P. 52.8(a). 

 

PER CURIAM

 

 

Do
not publish.  Tex. R. App. P. 47.2(b). 


 

Memorandum
Opinion delivered and filed

this
16th day of June, 2005.

 











[1]
See
Tex. R. App. P. 52.8(d) (AWhen
denying relief, the court may hand down an opinion but is not required to do
so.@); Tex. R. App. P. 47.4 (distinguishing
opinions and memorandum opinions).





[2]The first motion was referred to
Judge Hester, the presiding administrative judge of the Fifth Judicial
District, and was denied on procedural grounds.