Rudolf HILBURN, Jr., Appellant,

v.

The STATE of Texas, State.

No. 2–96–594–CR.

Court of Appeals of Texas,
Fort Worth.

May 29, 1997.

Sheila R. Randolph, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, for Appellee.

Before CAYCE, C.J., and DAY and LIVINGSTON, JJ.

## OPINION

PER CURIAM.

Appellant Rudolph Hilburn, Jr. is before this court in four criminal appeals involving burglary of a building, retaliation enhanced by a prior felony conviction, aggravated assault with a deadly weapon with an habitual allegation, and DWI felony repetition, also with an habitual allegation. Although they bear distinct trial and appellate cause numbers, these offenses were all disposed of in one trial court hearing, and we thus only have one statement of facts. Appellate counsel has filed motions to withdraw from further representation in all four appeals because it is her professional opinion that these appeals are frivolous. This opinion will only dispose of cause number 2–96–594–CR, the aggravated assault offense.

Appellant was charged by indictment with aggravated assault with a deadly weapon, with an habitual offender allegation. Appellant's court-appointed counsel has filed a motion to withdraw from further representation because she has concluded this appeal is without merit. Counsel has also filed a brief in support of the motion to withdraw. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record demonstrating, in effect, why there are no arguable points of error. *See High v. State*, 573 S.W.2d 807, 812 (Tex.Crim.App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684, 684 (Tex.Crim.App.1974); *Gainous v. State*, 436

---

7. Because we reverse and remand based on appellant's first point of error, we do not reach her second point of error.

S.W.2d 137, 138 (Tex.Crim.App.1969). However, under the peculiar facts of this appeal, we must dismiss this cause for want of jurisdiction.

Our examination of the record in this appeal reveals that appellant was not convicted of this assault. Instead, he sought and was granted a plea in bar. If an unadjudicated offense is admitted before the trial court, and the court agrees to a defendant's request to take that offense into account when assessing punishment for some other offense(s), the defendant is granted a plea in bar, and there can be *no prosecution for the unadjudicated offense*. *See* TEX. PENAL CODE ANN. § 12.45 (Vernon 1994). The judgment in the transcript is clearly labeled as a plea in bar, and the testimony in the statement of facts supports a finding that appellant has not been convicted of this aggravated assault. *See, e.g., Day v. State*, 784 S.W.2d 955, 957–58 (Tex.App.—Fort Worth 1990, no pet.) (reversible error to exclude juror for cause upon proof of his plea in bar as juror did not stand convicted of that particular offense).

We have not found any case law that expressly holds a defendant may not appeal a trial court's ruling that grants a requested plea in bar. Article 44.02 of the Texas Code of Criminal Procedure states that "[a] defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979). While it is true that the statute does not state that only *convictions* may be appealed, there is long-standing precedent from the Texas Court of Criminal Appeals that a record must contain a "judgment of conviction" before there can be an appeal by a defendant. *See Workman v. State*, 170 Tex.Crim. 621, 343 S.W.2d 446, 447 (1961); *see also Petty v. State*, 800 S.W.2d 582, 583 (Tex.App.—Tyler 1990, no pet.) (defendant could not appeal trial court dismissal of indictment—defendant not aggrieved by order).

Accordingly, we hold that we do not have jurisdiction to hear a purported appeal from

a judgment granting a plea in bar, and we dismiss cause number 2–96–594–CR.[1] Cause number 2–96–592–CR involving this same defendant is this same date abated to the trial court for appointment of new counsel according to the terms of a separate order entered under that cause number. Cause numbers 2–96–593–CR and 2–96–595–CR, also pertaining to this appellant, remain pending before this court as *Anders* appeals.

We grant counsel's motion to withdraw in this cause and dismiss the appeal for want of jurisdiction.

---

1. Ordinarily we would give a defendant notice before we dismissed an appeal for a defect in jurisdiction. *See* TEX. R. APP. P. 56(a). However, in this instance, the transcript cannot be

"amended" to cure the lack of jurisdiction, and it would be pointless to ask appellant to "cure" this transcript.