COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-07-130-CR

TOMMY RAY VIDAL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Tommy Ray Vidal attempts to appeal from a “judgment on plea in bar,” that is, from his admission of an unadjudicated offense under penal code section 12.45.  
See
 
Tex. Penal Code Ann. 
§ 12.45 (Vernon 2003).   Long-standing precedent from the Texas Court of Criminal Appeals requires a “judgment of conviction” before there can be an appeal by a defendant.  
Hilburn v. State
, 946 S.W.2d 885, 886 (Tex. App.—Fort Worth 1997, no pet.) (citing 
Workman v. State
, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961)).  A judgment on a plea in bar is not a judgment of conviction but rather a judgment that bars prosecution for the offense admitted by the defendant under section 12.45.  
Hilburn
, 946 S.W.2d at 886.  Therefore, we lack jurisdiction over an appeal from a judgment on a plea in bar.  
Id.

On April 12, 2007, we notified Appellant that we were concerned that we lacked jurisdiction over this appeal and stated that the appeal would be dismissed unless any party desiring to continue the appeal filed a response showing grounds for continuing the appeal.  Appellant’s appointed counsel filed a response, stating that she agreed that we lack jurisdiction over this appeal.

For these reasons, we dismiss the appeal for want of jurisdiction.
(footnote: 2)  
See
 
Tex. R. App. P.
 43.2(f).

PER CURIAM

PANEL D: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED: May 17, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Appellant’s appeals in case numbers 02-07-128-CR and 02-07-129-CR remain pending in this court.