COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-07-130-CR

 

 

TOMMY RAY VIDAL                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Tommy Ray Vidal
attempts to appeal from a Ajudgment on plea in bar,@ that is, from his admission of an unadjudicated offense under penal
code section 12.45.  See Tex. Penal Code Ann. ' 12.45 (Vernon 2003).   Long‑standing
precedent from the Texas Court of Criminal Appeals requires a Ajudgment of conviction@ before there can be an appeal by a defendant.  Hilburn v. State, 946 S.W.2d 885, 886
(Tex. App.CFort Worth
1997, no pet.) (citing Workman v. State, 343 S.W.2d 446, 447 (Tex. Crim.
App. 1961)).  A judgment on a plea in bar
is not a judgment of conviction but rather a judgment that bars prosecution for
the offense admitted by the defendant under section 12.45.  Hilburn, 946 S.W.2d at 886.  Therefore, we lack jurisdiction over an
appeal from a judgment on a plea in bar. 
Id.

On April 12, 2007, we
notified Appellant that we were concerned that we lacked jurisdiction over this
appeal and stated that the appeal would be dismissed unless any party desiring
to continue the appeal filed a response showing grounds for continuing the
appeal.  Appellant=s appointed counsel filed a response, stating that she agreed that we
lack jurisdiction over this appeal.

For these reasons, we dismiss
the appeal for want of jurisdiction.[2]  See Tex.
R. App. P. 43.2(f).

PER CURIAM

 

PANEL D:   GARDNER, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
May 17, 2007











[1]See Tex. R. App. P. 47.4.





[2]Appellant=s
appeals in case numbers 02-07-128-CR and 02-07-129-CR remain pending in this
court.