**Opinion issued November 8, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-12-00556-CR**
**NO. 01-12-00557-CR**
**NO. 01-12-00558-CR**

———————————

**SERGIO RAFAEL BUSTEMANTE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1311509, 1311510, and 1311511**

---

**MEMORANDUM OPINION**

Appellant Sergio Rafael Bustemante pleaded guilty, in cause number 01-12-00556-CR, to the offense of solicitation of a minor and pleaded guilty, in cause

number 01-12-00557-CR, to the offense of sexual assault of a child. In each case,[1] the trial court found appellant guilty and, in accordance with the terms of appellant's plea agreement with the State, sentenced appellant to confinement for 10 years, with the sentences to be served concurrently. In appellate cause number 01-12-00558-CR,[2] the trial court granted the State's motion to dismiss the underlying case.

We dismiss the appeals for lack of jurisdiction.

In cause numbers 01-12-00556-CR and 01-12-00557-CR, the trial court certified that each is a plea bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification in each case. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). In a plea bargain case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). The trial court did not rule on any pre-trial motions in either case and did not give permission for appellant to appeal. *See id.*

The appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P.

---

[1] The trial court cause numbers assigned to these offenses are 1311509 and 1311510, respectively.

[2] The trial court cause number assigned to this offense is 1311511.

25.2(d). Because appellant has no right of appeal, we must dismiss the appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Further, in cause number 01-12-00558-CR, the clerk's record reflects that the trial court granted the State's motion to dismiss the underlying case on the basis that appellant "was convicted in another case." Generally, with exceptions inapplicable to the case at hand, this Court has jurisdiction to consider an appeal only when there has been a judgment of conviction. *See Hillburn v. State*, 946 S.W.2d 885, 886 (Tex. App.—Fort Worth 1997, no pet.) (citing *Workman v. State*, 170 Tex. Crim. 621, 622, 343 S.W.2d 446, 447 (1961), and *Petty v. State*, 800 S.W.2d 582, 583 (Tex. App.—Tyler 1990, no pet.) (defendant could not appeal trial court dismissal of indictment—defendant not aggrieved by order)). There being no judgment of conviction in this case, this Court lacks jurisdiction over the appeal. *See id.*; *see e.g.*, *Ballard v. State*, Nos. 01-08-00947-CR, 01-08-00948-CR, 2009 WL 3248197, at *1 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (not designated for publication).

Accordingly, we dismiss the appeals in cause numbers 01-12-00556-CR, 01-12-00557-CR, and 01-12-00558-CR for want of jurisdiction.   All pending motions are dismissed as moot.

### PER CURIAM

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.  TEX. R. APP. P. 47.2(b).