

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NOS. 02-14-00218-CR
### 02-14-00219-CR
### 02-14-00220-CR

ROBERT CALVIN BRADLEY, JR.                                    APPELLANT
A/K/A ROBERT C. BRADLEY, JR.

V.

THE STATE OF TEXAS                                                STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1350678D, 1350679D, 1357980D

----------

## MEMORANDUM OPINION[1]

----------

In appellate case numbers 02-14-00218-CR and 02-14-00219-CR, Appellant Robert Calvin Bradley, Jr. a/k/a Robert C. Bradley, Jr. attempts to appeal from his convictions for possession of cocaine of one gram or more but less than four grams and possession of heroin of less than one gram. In each

---

[1]See Tex. R. App. P. 47.4.

case, Bradley pleaded guilty pursuant to a plea bargain, and in accordance with the plea bargain, the trial court sentenced him to five years' confinement, with the sentences to run concurrently. The trial court's certifications of Bradley's right to appeal state that these are "plea-bargain case[s], and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2).

On May 30, 2014, we notified Bradley that appeals 02-14-00218-CR and 02-14-00219-CR could be dismissed based on the trial court's certifications unless he or any party desiring to continue the appeals filed a response on or before June 9, 2014, showing grounds for continuing the appeals. *See* Tex. R. App. P. 25.2(d), 43.2(f). Bradley filed a pro se response that did not show grounds for continuing appeals 02-14-00218-CR and 02-14-00219-CR.

In accordance with the trial court's certifications, we therefore dismiss appeals 02-14-00218-CR and 02-14-00219-CR. *See* Tex. R. App. P. 25.2(d), 43.2(f).

Further, in appellate case number 02-14-00220-CR, Bradley attempts to appeal from a plea in bar, that is, from his admission of an unadjudicated offense under penal code section 12.45. *See* Tex. Penal Code Ann. § 12.45 (West 2011). Generally, with exceptions inapplicable to the case at hand, this court has jurisdiction to consider a criminal appeal only when there is a judgment of conviction. *See Hilburn v. State*, 946 S.W.2d 885, 886 (Tex. App.—Fort Worth 1997, no pet.) (citing *Workman v. State*, 170 Tex. Crim. 621, 622, 343 S.W.2d 446, 447 (1961)). A judgment on a plea in bar is not a judgment of conviction but

rather a judgment that bars prosecution for the offense admitted by the defendant under section 12.45. *Id.*

On June 5, 2014, we notified Bradley of our concern that we lack jurisdiction over appeal 02-14-00220-CR and stated that appeal 02-14-00220-CR could be dismissed for want of jurisdiction unless he or any party desiring to continue the appeal filed a response on or before June 16, 2014, showing grounds for continuing the appeal. *See* Tex. R. App. P. 43.2(f). No response has been filed.

Accordingly, we dismiss appeal 02-14-00220-CR for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); *Hilburn*, 946 S.W.2d at 886 (holding that this court lacks jurisdiction over appeal from judgment on plea in bar under section 12.45).

PER CURIAM

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 3, 2014

3