

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00434-CR

SHONDA LEE MOXLEY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

### FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1417154D

----------

## MEMORANDUM OPINION[1]

----------

On July 20, 2015, in the sentencing hearing in trial court cause number 1414818D, the trial court granted Appellant Shonda Lee Moxley's plea in bar and barred further prosecution of charges in trial court cause number 1417154D, the underlying cause in this appeal. But approximately three months later, the trial court convicted her in the underlying cause of felony theft and sentenced her to four years' confinement upon her plea of true to the enhancement paragraph.

---

[1]See Tex. R. App. P. 47.4.

Appellant mailed a notice of appeal less than two weeks later. Before this court received the notice of appeal, however, the trial court vacated Appellant's conviction and sentence in the underlying cause pursuant to an agreed motion to vacate based on the prior order granting the plea in bar.

We notified Appellant in writing of our concern that we lack jurisdiction in this appeal because the conviction has been vacated,[2] and, in an abundance of caution, we also noted that if she were trying to appeal from the order granting the plea in bar, we likewise lack jurisdiction.[3] We stated that this appeal could be dismissed absent a response showing grounds for continuing the appeal. We have received no response.

Accordingly, we dismiss this appeal for want of jurisdiction.[4] Appellant's appeals from the judgments in trial court cause number 1414818D and a third trial court cause number, 1412917D, remain pending.[5]

---

[2]See, e.g., Dunno v. State, No. 02-13-00246-CR, 2013 WL 5303642, at *1 (Tex. App.—Fort Worth Sept. 19, 2013, no pet.) (mem. op., not designated for publication) (noting that when trial court vacates judgment, it moots appeal from that judgment).

[3]See Hilburn v. State, 946 S.W.2d 885, 886 (Tex. App.—Fort Worth 1997, no pet.) (citing Workman v. State, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961)); see also Bradley v. State, Nos. 02-14-00218-CR, 02-14-00219-CR, 02-14-00220-CR, 2014 WL 3029220, at *1 (Tex. App.—Fort Worth July 3, 2014, no pet.) (mem. op., not designated for publication).

[4]See Tex. R. App. P. 43.2(f).

[5]See Moxley v. State, Nos. 02-15-00432-CR, 02-15-00433-CR (Tex. App.—Fort Worth filed Nov. 18, 2015).

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 3, 2016