

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

————————————————

No. 02-22-00161-CR
No. 02-22-00162-CR

————————————————

CHRISTOPHER YOUNG COURTNEY, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court Nos. 1688479D, 1699585D

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Christopher Young Courtney appeals from two trial court cases. In trial court cause number 1688479D, Courtney was sentenced on April 27, 2022, to 45 days' confinement for theft under $2,500 with two or more previous convictions. *See* Tex. Penal Code Ann. § 31.03(e)(4)(D). No motion for new trial was filed, so Courtney's notice of appeal was due May 27, 2022, but was not filed until August 5, 2022. *See* Tex. R. App. P. 26.2(a)(1). With respect to trial court cause number 1699585D, Courtney attempts to appeal from a plea in bar, that is, his admission of an unadjudicated offense under Penal Code Section 12.45. *See* Tex. Penal Code Ann. § 12.45. Generally, with exceptions inapplicable here, this court has jurisdiction to consider appeals by criminal defendants only after a final judgment of conviction. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (per curiam). An order granting a plea in bar is not a judgment of conviction. *See Hillburn v. State*, 946 S.W.2d 885, 886 (Tex. App.—Fort Worth 1997, no pet.) (per curiam); *see also Bradley v. State*, Nos. 02-14-00218-CR, 02-14-00219-CR, 02-14-00220-CR, 2014 WL 3029220, at *1 (Tex. App.—Fort Worth July 3, 2014, no pet.) (per curiam) (mem. op., not designated for publication).

On August 18, 2022, we notified Courtney of our concern that we lack jurisdiction over his appeals and stated that unless he filed a response showing grounds for continuing the appeals, we would dismiss them. *See* Tex. R. App. P. 44.3. We received no response from Courtney.

Because Courtney's notice of appeal was not timely and because a timely notice of appeal is an essential component of our jurisdiction, we dismiss appeal number 02-22-00161-CR. *See* Tex. R. App. P. 25.2(b), 26.2(a)(1) (stating that a defendant has thirty days after the imposition of a sentence to file a notice of appeal), 43.2(f); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993) (discussing the rule of appellate procedure that preceded Rule 26.2, which likewise required the filing of a notice of appeal within thirty days after the imposition of a sentence, and dismissing an untimely appeal for want of jurisdiction). And because we do not have jurisdiction to hear a purported appeal from a judgment granting a plea in bar, we dismiss appeal number 02-22-00162-CR. *See* Tex. Penal Code Ann. § 12.45; Tex. R. App. P. 43.2(f); *Hillburn*, 946 S.W.2d at 886 (holding appellate court lacks jurisdiction over appeal from judgment granting a plea in bar under Penal Code Section 12.45).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  December 8, 2022